KERBY v AUTO-OWNERS INSURANCE COMPANY

Docket No. 122270. Submitted January 17, 1991, at Grand Rapids. Decided February 20, 1991, at 9:10 A.M.

Charlene Kerby brought an action in the Benzie Circuit Court against Auto-Owners Insurance Company, her no-fault insurer, seeking, as work-loss benefits, reimbursement for expenses she incurred by hiring replacement workers to run the adult foster care home she operated after she suffered injuries in an automobile accident which prevented her from doing the work herself. The court, James M. Batzer, J., granted the plaintiff's motion for partial summary disposition, finding that the replacement business service expenses were reimbursable as wage-loss benefits. The defendant appealed.

The Court of Appeals *held:*

The court erred in holding that the plaintiff's expenses for replacement business services were recoverable as work-loss benefits under the no-fault act.

1. Expenses for replacement business services are not reimbursable under the replacement services component of MCL 500.3107(b); MSA 24.13107(b), because § 3107(b) expressly limits reimbursement for replacement services to those services necessary for the benefit of the injured person, not for income.

2. Section 3107(b) defines work loss as the loss of income from work. The plain language of the statute precludes reimbursement for expenses for replacement business services as work-loss benefits.

3. The Legislature, by rejecting broad proposed language in the Uniform Motor Vehicle Accident Reparations Act, after which the no-fault act was patterned, which arguably would include as work loss those replacement business service expenses sought by the plaintiff, intended that replacement business service expenses would not be recoverable as work-loss benefits under the no-fault act.

Reversed.

REFERENCES

Am Jur 2d, Automobile Insurance § 361.
See the Index to Annotations under No-Fault Insurance.

INSURANCE — NO-FAULT — WORK-LOSS BENEFITS — EXPENSES OF
    REPLACEMENT BUSINESS SERVICES.

> Expenses incurred by an insured in hiring others to perform
> work the insured normally would have performed for income
> but could not because of injury are not reimbursable as work-
> loss benefits under the no-fault act (MCL 500.3107[b]; MSA
> 24.13107[b]).

*Walz & Warba, P.C.* (by *Mark J. Warba*), for the
plaintiff.

*Sullivan, Ward, Bone, Tyler, Fiott & Asher, P.C.*
(by *Dennis K. Taylor*), for the defendant.

Before: DOCTOROFF, P.J., and MAHER and CAV-
ANAGH, JJ.

PER CURIAM. Defendant, plaintiff's no-fault in-
surance carrier, appeals as of right from an order
granting plaintiff's motion for partial summary
disposition. We reverse.

In 1986, plaintiff began operating an adult foster
care home by herself, doing the cooking, cleaning,
and general maintenance. In September 1987
plaintiff was involved in an automobile accident,
sustaining injuries preventing her from running
the home. Consequently, plaintiff hired replace-
ment workers to perform the work she could no
longer perform.

Although plaintiff was paid personal protection
insurance benefits, including work-loss benefits,
pursuant to MCL 500.3107(b); MSA 24.13107(b),
she commenced the instant action, claiming she
was not paid the full amount of benefits to which
she was entitled under § 3107(b).

On the basis of a determination that plaintiff
was one hundred percent disabled, and using
plaintiff's 1987 income tax return, defendant deter-
mined that plaintiff was entitled to $17,440 annu-

ally in reimbursable work-loss benefits under
§ 3107(b). Plaintiff claims, however, that, in addition to this amount, she is also entitled to reimbursement for the cost of hiring others to run the
foster care home. Defendant denied liability for
such expenses. The parties filed cross motions for
summary disposition, and the trial court ruled in
favor of plaintiff, finding that expenses for replacement business services were reimbursable as wageloss benefits under § 3107(b).

Defendant now appeals as of right, claiming that
expenses for replacement business services are not
reimbursable as wage-loss benefits. We agree.

Section 3107(b) of the no-fault insurance act
provides:

> Personal protection insurance benefits are payable for the following:
>
> *  *  *
>
> (b) Work loss consisting of loss of income from
> work an injured person would have performed
> during the first 3 years after the date of the
> accident if he or she had not been injured and
> expenses not exceeding $20.00 per day, reasonably
> incurred in obtaining ordinary and necessary services in lieu of those that, if he or she had not
> been injured, an injured person would have performed during the first 3 years after the date of
> the accident, not for income but for the benefit of
> himself or herself or of his or her dependent.

There is apparently no dispute that expenses for
replacement business services are not reimbursable under the latter "replacement services" component of § 3107(b), because the statute expressly
limits reimbursement for replacement services to
those services necessary for the benefit of the
injured person, not for income. With respect to the
"work-loss" component of § 3107(b), the plain lan-

guage of the statute defines work loss as "loss of *income* from work." As noted in *Miller v State Farm Mutual Automobile Ins Co,* 410 Mich 538, 563; 302 NW2d 537 (1981), work-loss benefits are limited by definition to the loss of wage or salary income.

Thus, the plain language of the statute appears to preclude reimbursement for replacement business services as work-loss benefits. Additionally, in *Adams v Auto Club Ins Ass'n,* 154 Mich App 186, 192; 397 NW2d 262 (1986), this Court held that where the claimant is self-employed, loss of income contemplates the deduction of business expenses.

We also note that the no-fault act was patterned after the Uniform Motor Vehicle Accident Reparations Act. *MacDonald v State Farm Mutual Ins Co,* 419 Mich 146, 151; 350 NW2d 233 (1984). Section 1(a)(5)(ii) of the UMVARA, the counterpart to § 3107(b) in the no-fault act, provides:

> "Work loss" means loss of income from work the injured person would have performed if he had not been injured, *and expenses reasonably incurred by him in obtaining services in lieu of those he would have performed for income,* reduced by any income from substitute work actually performed by him or by income he would have earned in available appropriate substitute work he was capable of performing but unreasonably failed to undertake. [14 ULA, Civil Procedural & Remedial Laws, p 43. Emphasis added.]

While the emphasized language in the UMVARA would arguably include, as work loss, those replacement service expenses sought by the plaintiff in this case, this language was not included within the definition of work loss under § 3107(b) of the no-fault act. Thus, it may be presumed that the Legislature considered, but rejected, the proposed

language in the UMVARA, and, by doing so, did not intend replacement business service expenses to be recoverable as work-loss benefits under the no-fault act. *Michigan Mutual Ins Co v Carson City Texaco, Inc,* 421 Mich 144, 148; 365 NW2d 89 (1984); *Spencer v Hartford Accident & Indemnity Co,* 179 Mich App 389, 399; 445 NW2d 520 (1989).

Accordingly, on the basis of our review of the plain language of § 3107(b), as well as prior case law and the Legislature's decision to reject the broader language in the UMVARA, we conclude that the trial court erred in holding that plaintiff's replacement business service expenses were recoverable as "work-loss" benefits under § 3107(b) of the no-fault act.[1]

Reversed.

---

[1] We disagree with the trial court's conclusion that where a self-employed injured person uses funds received as work-loss benefits to hire a replacement, he has no means of recovering those funds, because, if a replacement were hired, and, thus, the business continued, income would continue to be generated by the business. Indeed, if the plaintiff in this case were permitted to recover her replacement business service expenses, she would effectively be receiving not only the benefits based on her annual net income, but also the income generated from the continued operation of the business, with the salary of the business replacements being paid by defendant. Surely, this is not the intent of § 3107(b).